## THOMAS LYNCH v. THOMAS CRANEY.

*Practice in Supreme Court—Bill of exceptions—Breach of covenant—Pleading in justices' courts.*

1. Only the errors mentioned in the appellant's brief will be considered; citing Supreme Court Rule No. 61.
2. The practice of stipulating a bill of exceptions, without the sanction of the circuit judge, cannot be commended; and, if such fact is brought to the attention of the Court before the argument of the case, the appeal will be dismissed.
3. An oral declaration in justice's court, which states that the action is brought for back taxes, levied and assessed against a designated parcel of land prior to its purchase by and conveyance to the plaintiff by the defendant by warranty deed, sufficiently apprises the defendant that plaintiff claims that the deed covenanted against such taxes, and that plaintiff seeks to recover for a breach of said covenant, and is sufficient, under the liberal rules governing oral pleadings in justice's court; citing *Daniels v. Clegg,* 28 Mich. 32; *Bradshaw v. McLoughlin,* 39 Id. 480; *Soper v. Mills,* 50 Id. 76; *Nugent v. Teachout,* 67 Id. 571.

Error to Bay. (Cobb, J.) Argued January 10, 1893. Decided April 7, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Pratt, Van Kleeck & Gilbert,* for appellant.

*Lee E. Joslyn,* for plaintiff.

HOOKER, C. J. Plaintiff brought *assumpsit* in justice's court, declaring orally as follows:

" Plaintiff declares orally against the defendant on all the common counts in *assumpsit,* and specially for back taxes on lot No. 1, of block 3, of H. J. H. Schutjes' subdivision to Bay City, and being taxes levied and assessed against said lot previous to the 30th day of July, A. D. 1890, the date when the plaintiff purchased said property from the defendant, and received from the defendant a warranty deed, then and there, for said lot, and claims damages one hundred dollars."

The defendant pleaded orally the general issue.

To prove his cause of action, plaintiff introduced some special tax rolls and other proceedings of the city of Bay City, by which he claimed to establish a lien upon a parcel of land which he bought of defendant on July 30, 1890, and which was conveyed to him by defendant's warranty deed upon that day.

The only errors mentioned in appellant's brief are—

1. That the declaration was insufficient to permit the introduction of the testimony offered.

2. That the record of the tax constituted no lien.

We shall therefore consider no others. See Supreme Court Rule No. 61.

The declaration clearly stated that the action was brought for back taxes, levied and assessed against the land previous to July 30, 1890,—the date of the purchase,—and that on that day defendant had given plaintiff a warranty deed of the premises. It sufficiently apprised defendant that plaintiff claimed that this deed covenanted against such taxes, for a breach of which covenant plaintiff sought to recover. Under the liberal rules governing oral pleadings in justice's court, we think this declaration sufficient. *Bradshaw v.*

*McLoughlin*, 39 Mich. 480; *Soper v. Mills*, 50 Id. 76; *Nugent v. Teachout*, 67 Id. 571; *Daniels v. Clegg*, 28 Id. 32.

It is claimed that the record of the tax constituted no lien upon the land. We are in doubt whether counsel mean to be understood as claiming that the tax record is defective in some particular, and therefore insufficient to constitute a lien, or that such assessments do not in any event constitute such lien, or, thirdly, that the time for such lien to attach had not yet arrived. The brief fails to call attention to the law providing for such assessments, or to point out the reasons why the tax record did not constitute a lien. Rule 61. The tax record mentioned is not before us, and there is nothing to show that the bill of exceptions contains all of the evidence. We are therefore unable to pass upon this question intelligently, and cannot assume that the proceedings of the circuit court were erroneous.

The judgment will be affirmed, with costs.

We notice that the bill of exceptions is stipulated, and does not appear to have the sanction of the circuit judge. We cannot commend this practice; and, had the fact been brought to our attention before the argument of the case, it would have necessitated the dismissal of the appeal.

The other Justices concurred.