LACOMBE, Circuit Judge.
This is an application for an order nunc pro tunc as of November 25, 1896, extending plaintiff’s time to make, file, and serve a bill of exceptions until May 12th. The case came to trial on October 21, 1896, and verdict was rendered in favor of defendant on October 26, 1896. The court, upon rendition of the verdict, gave plaintiff 30 days in which to make, file, and serve a bill of exceptions. Judgment was entered, and notice of entry and filing was duly served on November 12, 1896. The time to take out writ of error will expire May 12, 1897. The time to make, file, and serve bill of exceptions expired November 25, 1896, and plaintiff’s attorneys have neglected to obtain any stipulation or to obtain any order of court extending such time. The counsel for defendant in error interposes no objection to this application in the way of asking terms or conditions, nor does he seek to take any advantage of plaintiff’s default, but in behalf of his client submits to the court the question whether, in view of the fact that the term at which the case was tried has long since expired, there is any power in the court to give the relief asked for. There are two jury terms of the circuit court in this district, beginning on the third Monday of October and first Monday of April, respectively. The provisions of section 914, Rev. St. TJ. S., do not extend to the means of revising a decision once made by the circuit court. The practice upon writs of error is to be regulated by the federal statutes, and the rules and practice of the federal courts. The only regulation of statute as to bills of exceptions is that contained in section 953 of the Revised Statutes, which has no reference to the point here presented.
Reference is made to Muller v. Ehlers, 91 U. S. 249; Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450; Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43; and Ward v. Cochran, 150 U. S. 597, 14 Sup. Ct. 230; and it is urged that the court has no power, after a term has' expired, to extend the time for making, etc., bill of exceptions, even within the period allowed by statute for suing out a writ of error. Inasmuch as the exceptions were all taken, noted by the judge, and reduced to writing at the trial, and the bill of exceptions is merely the convenient form in which they are reproduced for the court of review, such a hide-bound practice would often work great injustice. The decision in Chateaugay Ore & Iron Co., 128 U. S. 544, 9 Sup. Ct. 150, has recognized a more liberal rule as applicable in this district, where, as the supreme court says, by Mr. Justice Blatchford, “the rules of the circuit court clearly contemplate proceedings to perfect a bill of exceptions within the time limited by those rules, without reference to the expiration of a term.” Since those rules expressly contemplate an enlargement of the time by the judge in a proper case, there is no reason why enlargement should not be made in this case, although the trial and judgment term has expired. The time to make, file, and serve bill of exceptions is extended to and including May 12th.