OXFORD & COAST LINE R. CO. v. UNION BANK OF RICHMOND, VA.

(Circuit Court of Appeals, Fourth Circuit.   April 10, 1907.)

No. 698.

1. EXCEPTIONS, BILL OF—TIME FOR PRESENTATION AND ALLOWANCE.
   A bill of exceptions cannot be considered by an appellate court unless it was duly presented to and allowed by the trial judge during the term at which the trial was had or within the time as extended by an order made during such term, or where there is a rule of court on the subject during the time so fixed, or an extension granted before its expiration.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Exceptions, Bill of, § 72½.]

2. WRIT OF ERROR—RECORD—BILL OF EXCEPTIONS—NECESSITY.
   The record of a former trial of a case made a part of an agreed statement of facts on a second trial cannot be considered by an appellate court unless incorporated in a bill of exceptions or otherwise brought into the record sent to such court.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2433.]

3. EXCEPTIONS, BILL OF — AUTHENTICATION — NECESSITY OF SIGNATURE OF JUDGE.
   Under Rev. St. § 953 [U. S. Comp. St. 1901, p. 696], which provides that a bill of exceptions shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried or by the presiding judge thereof, if more than one judge sat on the trial of the cause, without any seal of court or judge being annexed thereto, no bill of exceptions is sufficiently authenticated unless signed by a judge who sat at the trial within the time required by law, and the omission or failure to sign the same cannot be cured by a certificate of the judge that it was allowed, settled, and signed within such time.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Exceptions, Bill of, § 95.]

   McDowell, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of North Carolina, at Raleigh.

Thomas B. Womack and A. W. Graham, for plaintiff in error.

William L. Royall (A. S. Lanier, on the brief), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and McDOWELL, District Judge.

PRITCHARD, Circuit Judge.   This case was before this court at November term, 1905, reported under the same title as above. 143 Fed. 193.   It is again here on a writ of error based on what purports to be a bill of exceptions.   Counsel for plaintiff in error moves the court to dismiss the writ of error upon the ground that the judge below who tried the case failed to sign the bill of exceptions, and also upon the further ground that there is "nothing in the record to show that any exceptions were taken or any time given in which to present a bill of exceptions except the statement of the alleged bill of exceptions."   In the absence of a rule to the contrary, a party against whom there is a judgment in an action at law is entitled to

prepare and file a bill of exceptions during the term at which the case was tried relating to questions reserved at the trial. However, in the district in which this case was tried there is a rule of court which only allows 20 days in which to prepare and file a bill of exceptions. Notwithstanding this rule, the court had the power to extend the time in which to prepare and file a bill of exceptions, provided it did so within the 20 days, but, once the court permitted the 20 days to expire, then it no longer had the power to extend the time, and the case would stand just as though the term had expired.

This court in the case of Yellow Poplar Lumber Co. v. Chapman, 74 Fed. 448, 20 C. C. A. 507, in commenting on the practice as to bills of exceptions, among other things, said:

"It is now a rule of practice universally followed in the courts of the United States that an exception to the ruling of a trial judge cannot be considered in the appellate court, unless it was duly noted during the trial, and preserved in a bill of exceptions, which was presented to and allowed by the court at the term during which the trial was had, or within a time provided for by an order entered during such term, or where it has been allowed under the standing rules of the court, or with the consent of the parties, or under such circumstances as clearly show that it was the intention of the court to, and that it did, retain by special order the control of the matter, for the purpose of examining, allowing, and signing the bill of exceptions."

The court further states on page 450 of 74 Fed., 20 C. C. A. 509, as follows:

"It does not appear from this record that the court below ever lost control of the matter of the preparation and signing of the bills of exceptions. There was no standing rule of the court applicable to the same, so a special order was resorted to every time that a postponement was granted. If the court could properly postpone until the succeeding regular term the consideration of the bills of exceptions by its standing rule or by its order of record—and this seems to be conceded, the authorities showing that the practice is not unusual—then surely, as long as it keeps control of the matter so postponed by due and orderly procedure, it may adjourn the hearing of the same until the matter is properly and fairly disposed of."

Had the trial judge kept control of the case by extending the time in which to file a bill of exceptions before the twenty days under the rule had expired, he could have retained control of the same a sufficient length of time to enable the plaintiff in error to prepare and file a proper bill of exceptions.

It appears that the judgment was entered June 9, 1906, and on July 16th, after the expiration of the time allowed by the rule, the bill of exceptions was filed with the trial judge. At the close of the eleventh exception of the purported bill of exceptions there is a statement in the record to the effect that the court allowed 60 days in which to make, serve, and file a bill of exceptions, apply for a writ of error, and serve citation. On the 23d of July counsel for defendant in error filed the following paper in the proceeding:

"I have read over the foregoing bill of exceptions and I object to it because it was not filed within the twenty days required by the rule of court, and I was not notified of any application to be made for an extension of the rule and heard no application made in court.

"July 23, 1906. Union Bank of Richmond,

"By its attorney, Wm. L. Royall."

The statement in the record that the court had allowed the plaintiff 60 days in which to make up and serve a bill of exceptions cannot avail plaintiff in error, inasmuch as nowhere in the record is there any order of the judge made within said 20 days, nor afterward, allowing such extension of time.

We have carefully examined the record and are unable to find anything which shows that such order was made. The court undoubtedly had the right during the 20 days to enlarge the time prescribed in the rule, and the fact that counsel for the defendant in error was not present, or notified of such action on the part of the court, would not in the slightest degree affect the right of the court to take such action.

However, assuming that the order giving 60 days in which to file the exceptions was made, nevertheless the bill was not filed within that time. The judgment was entered on the 9th day of June, 1906, and the order directing that the bill of exceptions be filed was not made until the 24th of August, 1906. Thus the record shows that more than 60 days had elapsed after the rendition of the judgment before the exceptions were filed. Therefore, in no event, can it be said that the bill of exceptions was filed within the time allowed by law.

It is insisted by the plaintiff in error that, inasmuch as there is an agreed statement of facts certified to this court by the clerk of the Circuit Court, even if there is no bill of exceptions, still the question relating to the statute of limitations is before this court, and therefore we should consider the same independently of the bill of exceptions. While it is true that the record of the trial had in 1906 was made a part of the agreement of facts, it is equally true that the same was not incorporated in any bill of exceptions, and certainly it is not to be expected that the court will cause search to be instituted for such record, nor does it follow, if it did so, it would succeed in finding the proper record. It is to obviate such difficulties that a bill of exceptions is required. It is also equally true that said record is not even incorporated into and made a part of the present record, and therefore, if we deemed it proper to notice an error not assigned, we would have no record from which we could ascertain the facts.

We now come to consider the most important question involved in this controversy. It is contended by counsel for defendant in error that what purports to be the bill of exceptions was not signed by the trial judge. Section 953 of the Revised Statutes [U. S. Comp. St. 1901, p. 696] is as follows:

"A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof, if more than one judge sat on the trial of the cause, without any seal of court or judge being annexed thereto."

This provision of the statute is plain and explicit, and there can be no doubt as to its meaning. It evidently means that no bill of exceptions can be sufficiently authenticated unless signed by a judge who sat at the trial. The petition for writ of error does not show the date on which it was filed with the lower court. The assignments of error are marked filed with the judge July 16th and filed in the office July 18th, and the order of court directing that the bill of ex-

ceptions be filed was made August 24th, and the writ of error bears the same date. The record shows that the trial judge did not sign the bill of exceptions. The only reference to the bill of exceptions by the trial judge is contained in the following order which appears in the record:

"In this case at the request of the Oxford & Coast Line Railroad Company Hon. Thos. R. Purnell, U. S. District Judge for the Eastern District of North Carolina, has allowed, settled and signed within the time allowed by law, and the orders of the said judge the attached bill of exceptions and hereby orders the same to be filed.          Thos. R. Purnell, U. S. Judge.
     "Aug. 24, 1906."

This order of the learned judge who tried the case states that he had allowed, settled, and signed within the time allowed by law the "attached bill of exceptions"; but, when we come to examine the "attached bill of exceptions," there is nothing to show that the judge ever signed the same. Notwithstanding the fact that the judge certifies that he signed a bill of exceptions, plaintiff in error insists that an unsigned bill of exceptions should be treated as the bill of exceptions which the judge certifies to having signed and allowed within the time required by law. There is nothing in the record to account for the failure to produce the bill of exceptions to which the judge below refers; but, on the other hand, the plaintiff in error contents itself by producing what appears to be a copy of the bill of exceptions which it attempted to file with the court below.

The signing of a bill of exceptions is a judicial act which must be performed by the judge who tried the case, and the performance of this duty cannot be delegated to another, nor can the judge after the time within which the bill of exceptions is required to be signed cure an omission or failure to sign the same by certifying that it was allowed, settled, and signed within the time allowed by law.

In the case of Origet v. United States, 125 U. S. 240, 8 Sup. Ct. 846, 31 L. Ed. 743, the record contained a paper headed "Bill of Exceptions," at the foot of which appeared the following:

"Allowed and ordered on file Nov. 22, '83, A. B."

It was held that:

"This cannot be regarded as a proper signature by the judge to a bill of exceptions, nor can the paper be regarded for the purposes of review as a bill of exceptions. To make it clear that a seal to a bill of exceptions was not necessary to its validity, Congress, by section 4, of the act of June 1, 1872, (17 Stat. 197, c. 255), now section 953 of the Revised Statutes, [U. S. Comp. St. 1901, p. 696], enacted as follows: 'A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof, if more than one judge sat on the trial of the cause, without any seal of court or judge being annexed thereto.' This provision merely dispensed with the seal. The necessity for the signature still remains. We cannot regard the initials 'A. B.' as the signature of the judge, or as a sufficient authentication of the bill of exceptions, or as sufficient evidence of its allowance by the judge or the court. Therefore, the questions purporting to be raised by the paper cannot be considered."

In the case of Harvey v. State, 5 Ind. App. 422, 31 N. E. 835, the bill of exceptions was unsigned, but the judge who tried the case had written at the foot of the same the following:

"I, George W. Grubbs, judge of the Circuit Court of said county of Morgan, certify that the foregoing and within bill of exceptions in the case of the State of Indiana v. Peter C. Harvey, was tendered to me for my signature on the 20th day of November, 1891, at the court house in said county and within the time given for preparing the same, to-wit: within sixty days after judgment was rendered in said cause. Geo. W. Grubbs, Judge."

In that case it was held that the signing of the foregoing certificate by the judge could not be treated as a signature to the bill for the purpose of identifying and authenticating the same as required by law. That case is almost on all fours with the case at bar; the only difference being that the judge certified that a bill of exceptions was tendered to him within the time allowed by law, while in this case the trial judge certifies that the b'll was tendered, allowed, and signed by him.

Although it was shown by the judge's certificate that the bill of exceptions was prepared and presented to him within the time allowed by law, nevertheless the court held that, inasmuch as he failed to comply with the statute which required his signature to the bill of exceptions at the time it was presented to him, such failure on his part could not be remedied by subsequently signing a certificate to the effect that the same had been presented in due time.

Also in the case of Shilitto v. Thacker, 43 Ohio St. 63, 1 N. E. 438, the court said:

"A paper purporting to be a bill of exceptions, but which is not signed as required by statute, will not be considered as a part of the record, although the journal entry in the case recites that a bill of exceptions was duly signed, sealed, allowed, and ordered to be made part of the record, and no other paper purporting to be a bill of exceptions appears in the files of the case."

The mere recitals in a record to the effect that a judge has signed a bill of exceptions are not sufficient. Congress has wisely provided that bills of exceptions shall be authenticated by the signature of the trial judge in order that appellate courts may be definitely and accurately informed as to what actually transpired in the court below. This provision is mandatory, and must be strictly adhered to in every instance wherein a review is sought by writ of error. The court below is the sole judge as to what transpired during the progress of the trial, and it must judicially determine the same when the bill of exceptions is presented and after having done so it then becomes the duty of the judge to affix his signature thereto.

In the case of Malony v. Adsit, 175 U. S. 287, 20 Sup. Ct. 117, 44 L. Ed. 163, the court, among other things, said:

"It certainly cannot be contended that, if the trial judge is able officially to sign the bill of exceptions, it would be competent for the counsel to dispense with his action, and rely upon an agreed statement of the facts and law of the case as tried. Nor can they agree that another than the trial judge may perform his functions in that regard. In Lynch v. Craney, 95 Mich. 199, 54 N. W. 879, it was said that the practice of stipulating a bill of exceptions without the sanction of the judge cannot be commended; and, if such fact be brought to the attention of the court before the argument of the case, the appeal will be dismissed. In Coburn v. Murray, 2 Me. 336, it was held that a bill unauthenticated by the trial judge cannot be given validity by consent of counsel. We are referred to no decision of this court on the precise question whether counsel can stipulate the correctness of a bill of exceptions not signed by the trial judge. But we think that on principle this cannot be done, and we

regard the cases just cited as sound statements of the law. Accordingly, our conclusion is that the errors of the trial court alleged in the bill of exceptions, unauthenticated by the signature of the judge who sat at the trial cannot be considered by us." .

While it is not the policy of the court to dismiss writs of error and cases on appeal on account of slight technicalities, at the same time, the rules of this court, as well as the rules of the Circuit Court, are plain and easily understood. In this instance the provision of the statute relating to the question at issue is mandatory and must be enforced. It is incumbent upon attorneys who practice in the federal courts to observe and strictly follow the rules of practice and procedure in preparing and presenting bills of exceptions.

In the case of Michigan Ins. Bank v. Eldred, 143 U. S. 298, 12 Sup. Ct. 452, 36 L. Ed. 162, the court, among other things, said:

"The duty of seasonably drawing up and tendering a bill of exceptions. stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party, and not to the court. The trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed."

It is essential to the orderly procedure of the courts that attorneys should comply with the rules relating to the same; otherwise, it would be useless to promulgate rules for the guidance of those who may seek to review the action of the lower court.

Mr. Justice Story, in his work on Equity Pleading (section 544), in commenting upon the necessity of adhering strictly to the prescribed forms of procedure, says:

"The want of due form constitutes a just objection to the proceedings in every court of justice, for to reject all form would be destructive of the law as a science, and would introduce great uncertainty and perplexity in the administration of justice. Every irregularity of this sort is fraught with inconvenience, and generally tends to delays and doubts. And it has been well remarked that infinite mischief has been produced by the facility of courts of justice in overlooking errors of form. It encourages carelessness and places ignorance too much on a footing with knowledge amongst those who practice the drawing of pleadings."

It follows that the judgment of the court below must be affirmed. Affirmed.

McDOWELL, District Judge. I dissent.