KERSHAW OIL MILL et al. v. NATIONAL BANK OF SAVANNAH.

(Circuit Court of Appeals, Fourth Circuit. December 4, 1913.)

No. 1,181.

APPEAL AND ERROR (§ 1195*)—PRIOR APPEAL—REVERSAL—DETERMINATION—EFFECT—LAW OF CASE.

A. & Son, having purchased cotton known as "linters" from defendants, procured them to ship the same as "cotton" on the pretense that they could insure the same during transportation at a higher valuation. Defendants with such knowledge procured bills of lading describing the material as "cotton." and A. & Son on presentation of drafts attached to the bills of lading paid the drafts, detached them, and pledged the bills to plaintiff bank for a loan on the theory that the material was "cotton" instead of "linters." *Held*, that the Court of Appeals, on a prior appeal, having held that since defendants might by reasonable care have discovered that the reason for A. & Son's request that the property be misdescribed was mere pretense and would enable them to perpetrate the fraud committed, they were liable to plaintiff, such determination was the law of the case on retrial, and, in the absence of different evidence, the trial court properly held that defendants were liable and that the only issue for trial was the question of damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of South Carolina, at Columbia; Henry A. Middleton Smith, Judge.

Action by the National Bank of Savannah against the Kershaw Oil Mill and the Lancaster Cotton Oil Company. Judgment for plaintiff, and defendants bring error. Affirmed.

E. D. Blakeney, of Kershaw, S. C., and Thos. J. Kirkland, of Camden, S. C., for plaintiffs in error.

William Garrard, of Savannah, Ga. (Garrard & Gazan, of Savannah, Ga., and McCullough, Martin & Blythe, of Greenville, S. C., on briefs), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. The issues of law involved in this case will be made evident by the following statement:

All & Son, cotton buyers of Savannah, Ga., through their agent, R. M. Kennedy, purchased from the defendant Kershaw Oil Mill 362 bales of "linters" and from the defendant Lancaster Cotton Oil Company 300 bales, at the average price of about 4½ cents a pound. "Linters" is a fiber which cotton oil mills obtain by reginning cotton seed before extracting the oil. It is well known as a distinct mercantile commodity of much shorter fiber than lint cotton, and the price paid for it in these transactions was far below the market price of a medium grade of lint cotton. The defendants shipped to All & Son the linters purchased from them, and had the bills of lading made out for cotton· instead of linters, relying on the false statement of All & Son that if the bales were shipped as linters the railroad company in case of loss would not be liable for more than 2 cents a pound, and that for that reason they, as purchasers, preferred to pay the higher freight rate charged for cotton. The agents of the railroad company issued the bills of lading with full knowledge that the consignments called cotton were linters. Upon presentation through a bank of the bills of lading with drafts attached for the purchase money of the linters, All & Son paid the amounts called for, and after detaching the drafts obtained a large sum of money from the plaintiff bank, by indorsing the bills of lading, on the faith that they had been issued for shipment of 662 bales of cotton.

The bank, after discovering the fraud and ascertaining its loss, brought separate actions against the defendant cotton oil mills, asserting their liability on· the ground that by procuring the false description of the goods in the bills of lading issued to them, and thus enabling All & Son to perpetrate the fraud, the defendants had made themselves participants therein.

The two ·causes were heard together, and the district judge on the first trial instructed the jury that there was no evidence that the defendants had intended to participate in the corrupt scheme of· All & Son or that they had any knowledge of it, and that although it was clear from the evidence that the defendants by the exercise of ordinary intelligence and through the ordinary avenues of information

could have discovered the falsity of the pretensive reason of the consignee for desiring the linters shipped as cotton, yet, in the absence of actual fraud on their part, the defendants were not liable to a third person who had acquired the bills of lading by indorsement and had advanced money on them.

This court in reversing the judgment of the District Court held that the defendants' knowledge of the obvious difference between linters and cotton as commercial commodities, their knowledge of the custom of indorsing bills of lading to obtain money on the faith of the property described, their failure to make the inquiry which would have made evident the pretensive character of the reason assigned by All & Son for requesting the false description—all taken together led to the conclusion that the defendants were liable to the plaintiffs as if they had been intentional participants in the fraud of the consignees, though there might be no evidence of any actual fraudulent intent on their part.

On the second trial the district judge construed the decision of this court to require a direction to the jury to find for the plaintiff, leaving nothing to them but the amount of the damages. The defendants sued out a writ of error, insisting that the evidence on the second trial required that the question of liability should be left to the jury. The following is a summary of the evidence on behalf of the defendant offered on the second trial, taken from the record:

"Defendants below offered testimony to show that linters were a product of cotton, being the short lint taken off the seed by the oil mills after the seed had been ginned at the regular ginneries and was physically a product of the cotton plant of the same nature as the longer lint ginned at the ginneries; that the defendants below did not know the bank, the plaintiff below, and had no intention of defrauding it; that although they knew of the misdescription of linters as cotton in the bills of lading, and assented to it, they had done so only at the request of All & Son, under the pretense of obtaining higher insurance, if the bales were destroyed in transit, and they had in no way known of or participated in the fruits of the fraud on the bank practiced by All & Son, it being however admitted by the witnesses for the defense below that the defendants were aware that there was a well-known commercial difference between linters and cotton, and that the reason for which All & Son requested the description as cotton and not as linters could by reasonable diligence have been ascertained by the defendants below to have been merely pretentious."

From this statement it is apparent that the facts presented on the second trial did not differ substantially from those on which this court in its former judgment held the defendants to be liable.

It follows that the interesting questions raised on this writ of error must be regarded as settled by the former opinion, and that the judgment of the District Court must be affirmed, although the evidence on the second trial left no room to doubt that the defendants were free from any actual fraudulent intention.

Affirmed.