COAL & IRON RY. CO. v. REHERD.

(Circuit Court of Appeals, Fourth Circuit. September 14, 1915.)

No. 1356.

APPEAL AND ERROR ⊂⇒1195—LAW OF THE CASE—RETRIAL.

Where the questions involved in a case have been determined by the Circuit Court of Appeals, the rule announced thereby becomes the law of the case in subsequent trials thereof, on the same pleadings and practically the same evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. ⊂⇒1195.]

In Error to the District Court of the United States for the Northern District of West Virginia, at Martinsburg; Alston G. Dayton, Judge.

Action by Peter W. Reherd, as receiver of the late firm of Walton, Purcell, Moorman & Co., against the Coal & Iron Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

B. M. Ambler, of Parkersburg, W. Va., and Benj. A. Richmond, of Cumberland, Md. (C. E. Martin, of Martinsburg, W. Va., on the brief), for plaintiff in error.

John T. Harris, of Harrisonburg, Va. (Sipe & Harris, of Harrisonburg, Va., Daugherty & Todd, of Columbus, Ohio, and Fred O. Blue, of Philippi, W. Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This suit, which was instituted in the District Court of the United States for the Northern District of West Virginia, was before this court at the February term, 1912, at which time the questions then presented were decided, as will appear by reference to the case of Coal & Iron Railway Co. v. Reherd, 204 Fed. 859, 123 C. C. A. 155. The plaintiff in error will hereinafter be referred to as defendant, and the defendant in error as plaintiff, such being the respective positions occupied by the parties in the court below.

It is now sought to reverse the judgment rendered in favor of the plaintiff, amounting to the sum of $159,840.01, in an action of assumpsit upon a contract in writing to recover money claimed by railroad contractors for excavating material in constructing a railroad. Upon the first trial the plaintiff obtained verdict and judgment for the sum of $245,806.81. The judgment of the lower court was reversed, and the opinion of this court dealt with the seven distinct claims presented, and it was held that the plaintiff was not entitled to recover anything, except as to the amount of $17,079.89, designated as "retained percentages," a balance of the amount which had been estimated and designated as due the contractors by the engineers. The defendant pleaded by way of recoupment and set-off that it should be allowed the "stipulated damages" of $50 per day for a delay of over 600 days, greatly exceeding such balance.

The opinion filed by this court considered at length the right of the defendant to have an allowance for damages as set forth in the instruction submitted to the jury at the first trial, and held that the same were erroneous. The court, in referring to the several propositions, said:

"Defendant's requested instructions, which were refused, and exceptions to the instructions given, are numerous, and cover every point which arises in the case. We do not think it necessary to deal with these matters in further detail. We deem it sufficient to say that, aside from the claim for retained percentages, the plaintiff was not entitled to recover, and as to these the issue should be submitted and tried upon the principles we have above announced."

The case was remanded, "to the end that the new trial may be had, to be proceeded with in accordance with this opinion." At the second trial in the court below the defendant waived all claim of recoupment, thus disposing of the only question, as we understand, that was left open by the opinion of the court. The defendant, at the conclusion of the testimony, moved the court "to find a verdict for the defendant, except as to the sum of $17,079.89, the amount still unpaid on balances, with interest thereon from March 15, 1903." This instruction was refused. It is insisted by counsel for defendant that the rule announced by this court in its former opinion is now "the law of the case," and that therefore the court below erred in again submitting questions to the jury which had theretofore been decided adversely to the plaintiff by this court.

This question has been before us many times, and it has been uniformly held that, where the questions involved in a case have been determined by this court, the rule announced thereby becomes the law of the case in subsequent trials thereof. Such was held to be the rule in the cases of Oxford & Coast Line Railroad Co. v. Union Bank of Richmond, 153 Fed. 723, 82 C. C. A. 609, Kershaw Oil Mill Co. v. National Bank, 209 Fed. 835, 126 C. C. A. 559, and B. & O. R. R. v. Frances Smith (decided at the February term, 1915) 222 Fed. 667, —— C. C. A. ——. In view of these decisions, and the further fact that the case was tried a second time on the same pleadings and practically the same evidence, we do not deem it proper to enter into a discussion of the merits of this controversy, further than to say that in our opinion the judgment of the lower court should be reversed, and the

case remanded, with instructions to the court below that further proceedings be had in accordance with the views herein expressed.
Reversed.