## SUSQUEHANNA COAL CO. v. CASUALTY CO. OF AMERICA.

(District Court, S. D. New York.    August 18, 1917.)

EXCEPTIONS, BILL OF ☞38, 43(2)—TIME OF SETTLING—"EXTRAORDINARY CIRCUMSTANCE."

A bill of exceptions cannot be settled, after the expiration of the term at which judgment was rendered, without an express order of court made during the term, or by consent of the parties, save in very extraordinary circumstances; and a mere misunderstanding of the rule is not an "extraordinary circumstance," such as the absence or inability of the judge to sign the bill of exceptions, which will allow settlement after expiration of the term.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Extraordinary Circumstances.]

At Law.    Action by the Susquehanna Coal Company against the Casualty Company of America.    There was a judgment for plaintiff. On motion for an order to extend defendant's time to settle and file a bill of exceptions, and also for an order settling such bill nunc pro tunc as of the date within 90 days from rendition of judgment.    Motion denied.

Max D. Steuer, of New York City, for the motion.
Abram J. Rose, of New York City, opposed.

AUGUSTUS N. HAND, District Judge.    This is a motion for an order to extend defendant's time to settle and file a bill of exceptions to August 31, 1917, and also for an order settling said bill nunc pro tunc as of the date within 90 days from April 27, 1917.    The judgment was entered against the defendant on the last-named date, and the term expired under the local rule in this district on the 27th day of July last.    While the time for the allowance of the writ of error has not expired, the time to settle the bill of exceptions and the term have expired.

I think it is settled by the decisions of the Supreme Court, as well as by the ruling of the Circuit Court of Appeals of this circuit, that a bill of exceptions cannot be settled after the term has expired without an express order of the court made during the term, or consent of the parties, save in very extraordinary circumstances.    The absence or inability of the judge to sign the bill of exceptions has been regarded as such a circumstance.    Here the failure to settle the bill of exceptions was doubtless due to a misunderstanding of the rule. No order was made like that of Judge Lacombe in the case of Talbot v. Press Publishing Co. (C. C.) 80 Fed. 567, or the declaration of the trial judge referred to in the case of Koewing v. Wilder, 126 Fed. 472, 61 C. C. A. 312, for the extension of time to settle the bill of excep-

---

tions which has been treated as in effect an extension of the term. The rule laid down by the Supreme Court in the cases of Muller v. Ehlers, 91 U. S. 251, 23 L. Ed. 319, and Jennings v. Phila., etc., Ry. Co., 218 U. S. 255, 31 Sup. Ct. 1, 54 L. Ed. 1031, therefore applies in its rigor. The case of Chateaugay Ore & Iron Co., Petitioner, 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508, does not govern, because, in that case, there was an order that the defendant have 40 days within which to serve a bill of exceptions, and the bill was served, though not settled, within that time. I regret very much to reach this conclusion, but it seems to be required by the decisions of the appellate tribunals.

The motion is denied.

NOTE.—The defendant thereafter applied to the Circuit Court of Appeals for a writ of mandamus to compel the District Judge to settle the bill of exceptions nunc pro tunc, and that application was denied.