## EXPORTERS OF MANUFACTURERS' PRODUCTS v. BUTTERWORTH-JUDSON CORPORATION.

(District Court, S. D. New York. April 12, 1920.)

1. **Exceptions, bill of** ⟝40(4)—**Court has power to extend term for purpose of settling and filing.**

   A District Court has power to make an order extending the term for the purpose of settling and filing a bill of exceptions after the term has expired, where there is a stipulation consenting to such extension signed by the attorneys for the parties after the term expired.

2. **Courts** ⟝92—**Rule for guidance of court and bar not dictum.**

   Relative to dictum, appellate courts, when dealing with questions of practice, not infrequently state a rule for the guidance of the courts of first instance and the bar.

At Law. Action by the Exporters of Manufacturers' Products against the Butterworth-Judson Corporation. On motion of plaintiff to extend term for purpose of settling and filing bill of exceptions. Granted.

Harford T. Marshall, of New York City, for the motion.
Chadbourne, Babbitt & Wallace, of New York City (Charles A. Buckley, of New York City, of counsel), opposed.

MAYER, District Judge. [1] By an order of this court dated March 2, 1920, it was—

"Ordered that the November term of this court, for the purpose of settling and filing the bill of exceptions herein, be and the same hereby is extended up to and including April 6, 1920."

The present motion is to extend the November term to May 3, 1920. The action is at law, and the judgment was filed November 26, 1919. Under rule 5 of this court, the term expired on February 24, 1920. On March 1, 1920, the attorneys for the parties stipulated as follows:

"It is hereby stipulated and agreed by and between the parties hereto that the November term of the United States District Court for the Southern District of New York be extended to April 6, 1920, for the purpose of settling and filing the bill of exceptions herein. The defendant, however, reserves the right to object, as not noted in time, to any exceptions not noted by the plaintiff within the time specified by stipulation between the parties entered into upon the trial of this action."

On the foregoing stipulation, the order supra was made. It is agreed that the reservation in the stipulation has nothing to do with this application. It refers, as stated, to the record upon the trial, and a stipulation entered into upon the trial.

In order that the action of defendant's attorneys in opposing the motion may be understood, it is fair to state that they reserved the point as to lack of jurisdiction which they are now urging. Mr. Buckley's affidavit sets forth the following (the clerk referred to being Mr. Marshall's clerk):

⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"That the attention of the clerk offering said stipulation was called to the fact that the November term of said court had expired, and that the stipulation, if executed by the attorneys for the defendant could have no effect. The clerk thereupon stated that this stipulation was the only way that he knew of extending the November term of the court, and that he believed it was the proper practice to pursue. That it was thereafter determined to sign it upon his insistence, although this office still took the position that it was of no effect."

The sole question, therefore, is this: Whether the court has power to make an order extending the term of the court for the purpose of settling and filing a bill of exceptions, after the term has expired, and where there is a stipulation consenting to the extension of the term for that purpose, signed by the attorneys for the parties after the term has expired.

The latest discussion in this circuit of an extension of the term question is found in Blisse v. United States, 263 Fed. 961, —— C. C. A. ——, decided January 14, 1920. Many cases are there referred to and considered. In addition, reference may be made to Oxford & Coast Line R. Co. v. Union Bank of Richmond, Va., 153 Fed. 723, 82 C. C. A. 609; Talbot v. Press Pub. Co. (C. C.) 80 Fed. 567; Susquehanna Coal Co. v. Casualty Co. of America (D. C.) 247 Fed. 137; Western Dredging & Improvement Co. v. Heldmaier, 116 Fed. 179, 53 C. C. A. 625; Schmidt v. Standard Steel Car Co., 202 Fed. 1023, 120 C. C. A. 664. United States v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129, which I have carefully read again since the argument, seems to be confined to motions or proceedings designed to set aside or nullify a judgment on grounds having no relation to a bill of exceptions.

I must assume (especially because of the citation in the Blisse Case, of E. I. Du Pont de Nemours & Co. v. Smith, 249 Fed. 403, 161 C. C. A. 377) that our Circuit Court of Appeals had all relevant cases in mind when it decided the Blisse Case. Judge Rogers in that case, writing for the court, states:

"We see no sufficient reason to hold that the bill cannot be signed by the judge after the term has expired, provided the parties consent, and *that such consent may be given even after the term has expired.*" (Italics mine.)

[2] This is a definite and unequivocal statement of a rule. It is contended that the part italicized is dictum; but it must be remembered that, when dealing with questions of practice, as distinguished from questions of substantive law, appellate courts not infrequently take the opportunity of stating a rule for the guidance of the courts of first instance and of the bar. As the question under consideration is thus precisely covered by the opinion in the Blisse Case, the order made by me on April 6, 1920, will stand.

Motion granted.