## HANSON v. COLE.*

(Circuit Court of Appeals, Eighth Circuit. May 10, 1920.)

No. 4710.

1. **Appeal and error ☞977(1)—New trial ☞6—Ruling on motion for new trial not reviewable.**

The granting or denial of a motion for a new trial in a federal court rests in the discretion of the trial judge, and his action is not reviewable by the appellate court.

2. **Appeal and error ☞548(1)—Rulings on admission of evidence not reviewable, in absence of bill of exceptions.**

Whether error was committed in the admission or exclusion of evidence is conditioned by the state of the evidence that had been introduced, and that was offered at the time the respective rulings were made, and such rulings are not reviewable by the appellate court, in the absence of a duly authenticated and signed bill of exceptions.

In Error to the District Court of the United States for the Western District of Missouri.

Action at law by John F. Hanson against John E. Cole. Judgment for defendant, and plaintiff brings error. Affirmed.

John F. Hanson, of Lindsborg, Kan., in pro. per.

Ellis, Cook & Barnett, of Kansas City, Mo., and P. J. Galle, of McPherson, Kan., for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. John F. Hanson brought an action at law against John E. Cole, a partner in the firm of Liggett, Rogers &

---

Cole, to recover $5,000, alleged damages, because he and the other members of his firm, after the plaintiff had notified them that he was the owner and entitled to the possession of certain hogs in their possession, and had demanded possession of them, each maliciously and wantonly denied his demand and kept the hogs. In his amended complaint, upon which the case was tried, the plaintiff alleged his ownership and his former actual possession of the hogs, set forth the grounds of his claim of ownership, and averred that the animals were secretly taken from him by unknown persons and delivered to the defendant and his partners. In his answer the defendant denied every allegation in the amended complaint. Upon these pleadings the case was tried to a jury. At the close of the evidence for the plaintiff, the defendant filed a demurrer to the evidence, which, after hearing argument, the court sustained, and thereupon it ordered the case dismissed, at the plaintiff's costs.

In support of the writ of error the plaintiff assigned nine alleged errors: (1–3) That at the trial the court in three instances excluded certain testimony which the plaintiff offered; (4) that it required the plaintiff to answer certain questions on his cross-examination; (5) that it sustained a motion to strike out parts of the plaintiff's first amended petition; (6) that it made an order to the effect that he should secure associate counsel and amend one of his petitions; (7) that it sustained the demurrer to his evidence and dismissed his action; (8) that it overruled his motion for a new trial; and, (9) that it entered judgment for the defendant. Several readings of the pleadings and the motions concerning them leave no doubt that the plaintiff suffered no injury from the orders of the court striking out certain parts of his first amended petition, and that he was in no way prejudiced by the order that he should secure associate counsel and amend his petition.

[1] The granting or denial of a motion for a new trial which the court has jurisdiction to make rests in the discretion of the trial judge and is not reviewable by appeal or writ of error in the federal courts (City of Manning v. German Ins. Co., 107 Fed. 52, 54, 46 C. C. A. 144, 146; Chi., M. & St. P. Ry. v. Heil, 154 Fed. 626, 629, 83 C. C. A. 400, 403), and the specification that the court erred in entering the judgment in favor of the defendant is too general and indefinite to invoke the consideration of an appellate court.

[2] The other alleged errors of which complaint is made challenge alleged rulings of the court during the trial on the admission and exclusion of evidence, and its ruling and order at the close of the plaintiff's evidence, to the effect that he had produced no substantial evidence to sustain his alleged cause of action. But the right answer to the question whether each or any of these rulings was erroneous is conditioned by the state of the evidence that had been introduced and that was offered at the time that the respective rulings were made, and, without an authentic record of those conditions this court may not lawfully review these rulings, because it cannot know what the conditions were when the court below made them. The only way by which such record can be presented to a federal appellate court where, as in this case, the judge who tried the case is qualified to authenticate it, is by a bill of

exceptions certified to be true andd signed by that Judge, and in the absence of such a bill the proceedings at the trial are not open to review or reversal. Revised Stat. § 953, as amended (3 U. S. Comp. Stat. 1916, § 1590); Origet v. United States, 125 U. S. 240, 8 Sup. Ct. 846, 31 L. Ed. 743; Warren v. United States, 183 Fed. 718, 720, 106 C. C. A. 156, 158, 33 L. R. A. (N. S.) 800; Oxford & Coast Line Ry. v. Union Bank, 153 Fed. 723, 82 C. C. A. 609; Knight v. Ill. Cent. Ry. Co., 180 Fed. 368, 371, 103 C. C. A. 514, 517.

The record in this case includes a writing entitled bill of exceptions, but this writing contains no certificate of the trial judge that it is a true or correct statement of the evidence, the rulings or the exceptions at the trial, and it has not been signed by the trial judge. Moreover, there is in the record a certificate, signed by the trial judge, to the effect that the plaintiffs presented this bill of exceptions to him and asked him to certify and sign it, but that he did not do so because it did not set out the testimony, giving the objections and rulings made and the proceedings had in connection with the trial according to the true intendment thereof; that the proceedings at the trial were taken in full by a stenographer, but had not been written out; that he had no access thereto, nor any other means except his memory, to supply omitted features. He then specified in a certificate certain evidence that had been omitted and states some testimony received in the case. The result of a consideration of the unsigned bill of exceptions and the certificate of the judge is that there is no authenticated statement in the record before this court of the evidence received, the evidence rejected, the objections, rulings, or exceptions at the trial, so that none of the questions urged on account of the alleged errors in the proceedings at the trial can be considered or decided by this court, and the judgment below must be affirmed.

It is so ordered.