**WHITFIELD, Immigration Officer, v. HANGES et al.**

(Circuit Court of Appeals, Eighth Circuit. May 10, 1920.)

No. 4902.

Appeal and error ⊂⟹1097(1)—Decision on former appeal is law of case.

It cannot be assigned as error that a District Court followed the decision and directions of the Circuit Court of Appeals on a former appeal in the same case, nor can questions determined on the former appeal be again reviewed on a second appeal.

Appeal from the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Habeas corpus by George Hanges and others against S. L. Whitfield, Immigration Officer. From a judgment discharging petitioners, respondent appeals. Affirmed.

See, also, 222 Fed. 745, 138 C. C. A. 199.

F. A. O'Connor, U. S. Atty., of Dubuque, Iowa, and Seth Thomas, Asst. U. S. Atty., of Ft. Dodge, Iowa, for appellant.

J. E. Williams, of Waterloo, Iowa, for appellees.

⊂⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. Pursuant to the opinion and direction of this court in Whitfield, Immigration Inspector, v. Hanges et al., 222 Fed. 745, 755, 756, 138 C. C. A. 199, the court below has tried on the merits de novo on evidence introduced before that court the question whether or not the resident aliens, Hanges and others, were guilty of the charges made against them in the warrant for their arrest, found that there was no evidence to support those charges, and has ordered and decreed that the writ of habeas corpus in their behalf be sustained, that each of them be discharged, and that their bail be exonerated. From this order and decree Whitfield has appealed, and he assigns as error that the court below entertained the petition of the aliens and issued the writ of habeas corpus before the Secretary of Labor had issued his final order for their deportation, and that it also held that under the facts and circumstances of this case it had authority to hear and determine whether or not the alien residents were guilty of the charges against them set forth in the warrant for their arrest.

But this court, in this case between the same parties now here, on the same facts relevant to the questions suggested by these specifications of error, decided on the former hearing on the first appeal, after full argument by counsel for the respective parties and mature deliberation, that the facts and circumstances of this case were such that they warranted, and law and justice required, the issue of the writ and the former finding and decision of the court below before the Secretary of Labor issued his final order, and that the court below had the power under the facts and circumstances of this case, and it was its duty, to try and adjudge on its merits de novo, on evidence to be introduced before it, the question whether or not these aliens were guilty of the charges made against them in the warrant for their arrest. Whitfield v. Hanges, 222 Fed. 745, 755, 756, 138 C. C. A. 199. There was therefore no error on the part of the court below in ruling and deciding these issues of law in accordance with the decision of them by this court on the former appeal, because it was its duty to follow that decision as directed by this court, and because that decision constituted the law of the case on the second trial, and neither the trial court nor this court might lawfully review or reverse that decision on a second appeal in the same case on the same facts and between the same parties.

When the questions involved in a case on a second trial have been decided by the appellate court on the same facts on a former appeal between the same parties, that decision is the law of the case on the second trial, and it is not reviewable or reversible at the second trial by the trial court, or by the appellate court which rendered it, on an appeal from the order, judgment, or decree of the trial court on the second trial. Martin v. Hunter, 1 Wheat. 304, 354, 355, 4 L. Ed. 97;

Roberts v. Cooper, 20 How. 467, 481, 15 L. Ed. 969; Corning v. Troy Iron & Nail Factory, 15 How. 451, 465, 14 L. Ed. 768; Coal & Iron Ry. Co. v. Reherd, 226 Fed. 441, 442, 141 C. C. A. 271, 272.

Let the order and decision of the court below be affirmed.