540 P.2d 684
**STATE of Arizona, Appellee,**
v.
**Andrew BARNETT, Appellant.**
No. 2860–2.

Supreme Court of Arizona,
In Banc.
Oct. 7, 1975.

Bruce E. Babbitt, Atty. Gen. by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The appellant, Andrew Barnett, was convicted of armed robbery on September 20, 1973 and was placed on probation for a period of five years. As a condition of probation, the appellant was incarcerated in the county jail for one year. The period of confinement in the county jail was subsequently reduced to five and a half months.

A petition to revoke appellant's probation was filed on August 14, 1974, alleging that appellant had violated a term of his probation by having been adjudged guilty of the felony of kidnapping. Following appellant's initial appearance on the charge, he denied the allegation, and a preliminary revocation hearing was scheduled. At the hearing appellant, who was represented by counsel, admitted the kidnapping conviction allegation and waived a hearing in aggravation or mitigation of the charge. Upon appellant's request, the trial court continued the sentencing to the time set for the sentencing on the kidnapping conviction. The same trial judge heard both the kidnapping case and the revocation of probation. Appellant was sentenced to prison for a term of ten to fifteen years on the robbery charge, to run concurrently with the sentence in the kidnapping case.

Preliminarily, we must dispose of the state's argument that we may not consider the issues submitted for review because the comment to Rule 32.1(d) of our Rules of Criminal Procedure requires one who challenges his probation revocation and resulting sentence to file a petition for post-conviction relief rather than an appeal. In *State v. Brown*, 112 Ariz. 29, 536 P.2d 1047 (1975), we held that persons seeking relief of this nature must, on or after August 1, 1975, proceed via appeal, and until this date the dissatisfied probationer has the alternative of appealing or filing a Rule 32 petition. Accordingly, the appeal is properly before us.

Appellant's first proposition is that his admission of violating probation was

not properly accepted in accordance with Rules 17.2 and 17.3 of the Arizona Rules of Criminal Procedure, 17 A.R.S. Under the unique circumstances of the instant case, there was no reversible error in the failure to comply with the rules. Having been accorded the benefit of the full panoply of constitutional rights in his defense of the kidnapping charge, appellant had had a trial by jury, the opportunity to testify in his own behalf, to call witnesses and to offer evidence. Appellant had also been apprised of the nature and range of the possible sentence for the kidnapping conviction as well as the nature and range of the possible sentence for the crime for which the probation had been granted and for which he had received a suspended sentence. Appellant was in fact represented by counsel and thus there was no need to inform him of his right to counsel at state expense. *State v. Mancini,* 19 Ariz. App. 358, 507 P.2d 697 (1973). We conclude that appellant was fully aware of all rights to which he was entitled, and which he waived, when he entered his statement of admission. Appellant also knew that the trial judge hearing the revocation proceedings was the same judge who presided at the trial of the kidnapping case, so the fact of conviction was quite evident to all.

█ Appellant's next assertion is that it was an abuse of discretion to revoke probation upon a judgment of conviction in a subsequent criminal case until the conviction was final. Appellant argues that a probation cannot be revoked solely upon a judgment of conviction for a crime committed subsequent to the suspended sentence unless that conviction be a final, unappealable judgment. This view is held by at least two state jurisdictions. *Kern v. State,* 521 P.2d 412 (Okla.1974); *Harris v. State,* 169 Tex. 71, 331 S.W.2d 941 (1960). We have taken the view that a conviction, even though on appeal, is a complete con-

viction for many purposes. *State v. Ballinger,* 110 Ariz. 422, 520 P.2d 294 (1974). We agree with the holding of the Second Circuit that a criminal conviction constitutes a "sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review." *Roberson v. Connecticut,* 501 F.2d 305, 308 (2nd Cir. 1974).

█ Appellant's third assertion of error is that the trial court revoked appellant's probation without conducting a final revocation hearing. We emphasize the statement by the United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 487, 92 S.Ct. 2593, 2603 (1972), that the final revocation hearing is to be held only "if it is desired by the [probationer]." The record adequately reveals that appellant knowingly waived his right to the final revocation hearing.

█ Appellant's final contention is that the trial court failed to consider the 166 days the appellant had spent in custody as a condition of probation in pronouncing sentence. A defendant is not entitled to credit for time spent in a county jail pursuant to the conditions of probation when he is later sentenced after revocation of that probation. The comment to Rule 27.-7(d) of the Rules of Criminal Procedure, 1973, lends support to this position by requiring that the trial court consider only the period of incarceration resulting from the filing of the petition, and the period between the initial arrest and the granting of probation. The 166 days complained of here do not fall within either of the two designated time periods.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.