541 P.2d 912

STATE of Arizona, Appellee,

v.

Joe Wesley JAMESON, Appellant.

No. 3066.

Supreme Court of Arizona,
In Banc.

Oct. 24, 1975.

**316**

———◆———

N. Warner Lee, The Former Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Joe Wesley Jameson, pleaded guilty to grand theft on June 13, 1972 and was placed on three years probation. A petition to revoke probation was filed December 20, 1973, alleging the following:

1) failure to remain a law-abiding citizen by reason of an arrest on December 18, 1973 for possession of a stolen vehicle;

2) failure to remain gainfully employed;

3) association with a person against whom armed robbery charges are pending;

4) possession of firearms; and

5) possession of narcotic paraphernalia and possible drugs.

At the preliminary revocation hearing January 16, 1974, the superior court, pursuant to stipulation of parties, continued the proceedings for a specified period pending the settlement of a related criminal charge against appellant of possession of a stolen motor vehicle. The superior court also approved the consolidation of the preliminary hearing on the alleged probation violations with the final revocation hearing. On the date set for the revocation hearing, defense counsel moved that the hearing again be postponed, at least with respect to the allegation of possession of a stolen vehicle, for the reason that the criminal action was still in process. The court ordered that the revocation proceedings be vacated subject to reinstatement upon completion of the pending criminal case. Also on this date, the trial court denied a motion to suppress evidence of the firearms, narcotic paraphernalia and possible drugs. The motion had asserted that the search of appellant's home was invalid and that the warrant was issued without probable cause.

A bench warrant was issued for appellant's arrest on May 9, 1974, based upon another petition to revoke probation. This petition charged appellant with failure to report for a urinalysis. Appellant was brought before the superior court the following day, May 10, for his initial appearance on the petition. The court was informed that the criminal charge of possession of a stolen vehicle had been dismissed, and the parties disagreed as to whether the allegations contained in the first petition to revoke should become a subject of the revocation proceedings. The superior court scheduled a revocation hearing for May 22, 1974 without a definitive ruling on the validity of the December 20th petition to revoke. At the May 22nd hearing, the court declared that the allegations asserted in the May 9th petition were insufficient to revoke appellant's probation. Again disagreement broke out between counsel as to the status of the December 20th petition, especially with respect to the possession of a stolen vehicle allegation. The court ruled that the petition was valid in its entirety.

At the close of the revocation proceedings, the court found that appellant had not conducted himself as a law-abiding citizen for having possessed a stolen vehicle and had associated with persons who used narcotics. Appellant filed appeal of the lower court's ruling on the following grounds:

1. The court's findings were contrary to the law and weight of evidence.

2. The trial court erred in denying appellant's motion to suppress evidence.

3. The appellant was denied a prompt hearing on the petition to revoke probation of December 20, 1973.

4. The court's failure to give appellant fair warning of the claimed violation denied appellant due process of law.

5. Hearsay evidence was admitted.

6. The trial court failed to consider the appellant's previous incarceration in imposing sentence.

We find it unnecessary to consider each and every ground of appellant's argument for the reason that this appeal may be adequately disposed of upon consideration only of those grounds relating directly to the trial court's specific reasons for revocation. During the proceedings, the court granted defense counsel's motion to dismiss allegations two and three of the petition to revoke, i. e., failure to remain gainfully employed and association with a person against whom armed robbery charges are pending. As to allegation number four, i. e., possession of firearms, the court stated that the evidence showed that appellant was not in violation of this condition. It is unclear from the record of the court's disposition of allegation number five, i. e., possession of narcotic paraphernalia and possible drugs. It is certain, however, that this alleged violation was not a basis for revoking appellant's probation. Accordingly, we do not feel that appellant's second ground of appeal need be considered since the items seized in the allegedly illegal search were without evidentiary relevance to the trial court's findings.

■■■■ Rule 27.7(c) of the Arizona Rules of Criminal Procedure, 17 A.R.S., requires that probation violations need only be established by a preponderance of the evidence. Reviewing the state of record we find that it contains sufficient evidence to permit the trial court to conclude by a preponderance of the evidence that appellant possessed a stolen vehicle. The record indicates that a suspicious truck was observed in Scottsdale occupied by two white male subjects. Upon discovering the truck abandoned a short time thereafter, a fingerprint of the appellant was taken from the vehicle's glovebox and a fingerprint of appellant's associate was found upon a stolen motorcycle which had been transported in the truck that evening. The appellant himself corroborated the evidence of the fingerprint and his association with the truck by his statement that he had been seated, at least partially, in the truck that evening. Both geographic and temporal factors as they relate to the appellant and the events which transpired that subject evening are consistent with the lower court's finding.* As noted in *Cole v. Town of Miami*, 52 Ariz. 488, 83 P.2d 997 (1938), we are bound by the conclusions reached by the trier of fact unless they are arbitrary and cannot be supported by any reasonable theory of evidence. We cannot conclude that the trial court abused his discretion in finding by a preponderance of the evidence that the appellant possessed a stolen motor vehicle.

■■■ Appellant argues that he was denied a prompt hearing on the December 20th petition to revoke. Rule 27.7(a) of the Arizona Rules of Criminal Procedure requires that the revocation hearing be held no less than seven days and no more than 20 days after the probationer's initial appearance "unless the court, upon written request of the probationer, sets the hearing for another date." Rule 27.7(a) is flexibly designed to permit the probationer the opportunity to accelerate or postpone the hearing date, and directs that the request be in writing in order to provide a record of the request. In the instant case appellant moved for or agreed to, and was grant-

---

* It is interesting to note that counsel for appellant expressed sentiment as to the correctness of the trial court's holding. Counsel stated:

"As far as the theft is concerned, he told me he didn't do it. I think the preponderance of evidence which may well be correct, but I think you yourself indicated there was some doubt in the case, and I think perhaps the standard was different, like beyond a reasonable doubt there would not have been a finding in many cases."

ed, in open court, two continuances of the petition to revoke. The spirit of Rule 27.-7(a) was certainly not offended by the failure to adhere to the written request requirement because the postponement was effected in open court with a written record made of the proceedings. The hearing, at least with respect to the possession of the stolen vehicle allegation, was delayed for a period of five months at the insistence of the appellant and no showing of prejudice has been made. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Huante,* 111 Ariz. 236, 527 P.2d 281 (1974); *In re La Croix,* 12 Cal.3d 146, 115 Cal.Rptr. 344, 524 P.2d 816 (1974).

Appellant continues to argue that he was misled by the continuances and that he justifiably believed that the disposition of the allegation in the petition to revoke charging appellant with possession of a stolen vehicle was to be determined by the related criminal action. We find in the record no statement made by the trial court, express or implied, which should have reasonably created this belief in the mind of the appellant.

■ The record indicates that a dismissal of the related criminal action occurred during the course of trial and so constitutes an acquittal of the appellant on the possession of a stolen vehicle charge. This fact raises the issue of whether the same conduct as that litigated in the criminal action can thereafter be made the subject of a probation revocation. In *People v. Grayson,* 58 Ill.2d 260, 319 N.E.2d 43 (1974), *cert. denied,* 421 U.S. 994, 95 S.Ct. 2001, 44 L.Ed.2d 484 (1975), the Illinois Supreme Court adopted the view that the doctrine of collateral estoppel precluded the state from relitigating the question of armed robbery in a probation revocation hearing after the probationer had been acquitted of the charge in a previous criminal proceeding. In a more recent decision, the Supreme Court of Florida declined to extend the collateral estoppel doctrine in such circumstances, reasoning that the probation revocation hearing is not a second

prosecution for the same offense. *Russ v. State,* 313 So.2d 758 (Fla.1975). We consider the Florida Supreme Court's rationale to be the more presuasive in resolving this conflict of authority and superior in its understanding of the proper relationship between criminal proceedings and probation revocation hearings. Finally, we express disapproval of the practice of deferring the hearing on probation revocation until after the adjudication of guilt or innocence on the criminal charge when both proceedings are based upon the same facts. The question of whether the accused has violated the terms of his probation should be promptly resolved.

■ The next issue to be considered is whether the revocation of appellant's probation may be justified by the superior court's finding that appellant had associated with persons who used narcotics. Appellant asserts that the failure of the trial court to provide the appellant with written notice of this alleged breach of probation constituted a denial of due process in violation of the Fourteenth Amendment. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *State v. Settle,* 20 Ariz.App. 283, 512 P.2d 46 (1973). Since the petitions to revoke were filed subsequent to September 1, 1973, the instant case is governed by the 1973 Rules of Criminal Procedure. *State v. Gomez,* 112 Ariz. 243, 540 P.2d 1224 (Oct. 9, 1975); *Noble v. State,* 109 Ariz. 537, 514 P.2d 458 (1973). Although these Rules do not explicitly state that the probationer must receive written notice of the alleged parole violations, we feel that such a requirement is strongly implicit in Rule 27.7, Rules of Criminal Procedure, 17 A.R.S. As recently amended, Rule 27.7 now expressly requires that the probationer be informed of each alleged violation of probation. Rule 27.7(a)(2), amended May 7, 1975, eff. Aug. 1, 1975. It is obvious upon comparing the allegations enumerated in the December 20th petition to revoke and the su-

perior court's revocation findings that the appellant was denied the due process notice requirement.

■ Appellant has also asserted as ground for error that the trial court admitted hearsay evidence. For our purpose we need only consider the testimony given by a detective of a conversation he had with a declarant describing the scene of events during the period in which appellant's fingerprint was to have become affixed to the truck's glovebox. Our Rules of Criminal Procedure grant each party in a probation proceeding the right to cross-examine witnesses who testify and allow the court to receive reliable hearsay evidence. Rule 27.7(c)(3), Rules of Criminal Procedure, 17 A.R.S. In contrast, *Morrissey* requires, as one of its minimum due process guarantees, that the probationer have "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey v. Brewer,* 408 U.S. at 489. To aid us in comparing our rule and the *Morrissey* requirement it is necessary to emphasize the distinction drawn by the United States Supreme Court between criminal proceedings and parole or probation proceedings. The Supreme Court unequivocally stated that a probation revocation was not to be equated to a criminal prosecution in any sense and that the proceeding should be flexible enough for the court to ". . . consider evidence including letters, affidavits and other material that would not be admissible in an adversary criminal trial." *Morrissey v. Brewer,* 408 U.S. at 489. Placed in this context, we do not visualize a conflict between our Rule 27.7(c)(3) and the *Morrissey* requirement. We agree with the statement by our Court of Appeals in *State v. Settle,* 20 Ariz.App. at 287, that "[t]he probationer should be allowed at the hearing . . . to confront and cross-examine adverse witnesses as may be warranted in the sound discretion of the trial judge." We find no abuse of discretion with the trial court's decision to hear testimony

from the witness-detective concerning conversations with absent declarant. *State v. Belcher,* 111 Ariz. 580, 535 P.2d 1297 (1975).

■ Appellant's final contention is that the trial court failed to consider the appellant's previous incarceration in imposing sentence. In accordance with Arizona Rule of Criminal Procedure 27.7(d), 17 A. R.S., the trial court must comply with the procedures on pronouncement of sentence set forth in Rule 26.10(b)(2), 17 A.R.S. In the probation revocation proceeding, the appellant had been charged with numerous violations of conditions of probation and had been incarcerated for a period of nearly one month pending the court's determination of the allegations. We have no doubt that the trial court did consider this period since the sentence was to commence from the date of incarceration. Appellant asserts, however, that Rule 26.10(b)(2) was not complied with because there was no statement by the trial court of the six-month confinement served by appellant in the county jail as a condition of his probation and of the approximate one-month period served on another occasion for reasons unknown to us. The comment to Rule 27.7(d) is dispositive of appellant's contention. It requires the court to take into consideration two periods of time when imposing a sentence after probation has been revoked—1) the period of incarceration resulting from the filing of the petition to revoke, and 2) the period of incarceration between the initial arrest and the granting of probation. Neither the six-month period nor the one-month period require specific consideration in the record.

■ Having determined that revocation of appellant's probation was properly supported by the possession of stolen vehicle allegation but not by the association with persons who use narcotics allegation, we are confronted with the question of whether one improper basis for the revocation invalidates the revocation *in toto,* or necessitates a modification of the lower court's

**320**

finding. In *State v. Gomez, supra,* we found multiple allegations in a revocation proceeding analogous to multiple counts in a criminal proceeding. The fact that one count is insufficiently supported by evidence to serve as a valid basis for a guilt determination does not prevent other counts from so adequately serving. We therefore find the trial court's actions supported by a proper evidentiary foundation.

The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.