569 P.2d 218

**STATE of Arizona, Appellee,**

v.

**Fernando RODRIGUEZ, Appellant.**

**No. 3639.**

Supreme Court of Arizona,
In Banc.

Sept. 7, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Fernando Rodriguez, pleaded guilty to the sale of narcotic drugs in violation of A.R.S. § 36–1002.02 on June 29, 1973, and was placed on probation for five years. As a condition of his probation, appellant was ordered to serve six months in the Maricopa County Jail to date from June 6, 1973. Appellant was released from the County Jail on November 13, 1973, and was allowed to return to work.

A petition to revoke appellant's probation was denied on January 27, 1975, but appellant was ordered to spend an additional six months in the Maricopa County Jail as a condition for remaining on probation. However, appellant's probation was modified on February 11, 1975, at which time he was released from the Maricopa County Jail to the custody of the Arizona Family, a drug treatment facility. A second petition to revoke appellant's probation was filed on January 28, 1976. Appellant was arrested on January 30, 1976, and his probation was revoked at a hearing on February 25, 1976. At a disposition hearing on March 16, 1976, appellant was sentenced to a minimum of five years and a maximum of seven years in the Arizona State Prison. The prison term was ordered to commence on January 30, 1976, which was the date of appellant's arrest on the probation revocation petition. Appellant has appealed his sentence on the revocation of probation and we have taken jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

At the disposition hearing the trial court sentenced appellant in accordance with 17 A.R.S. 1975 Rules of Criminal Procedure, rule 27.7(c)(2) which provides:

"Upon a determination that a violation of a condition or regulation of probation occurred, the court may revoke, modify or continue probation. If probation is revoked, the court shall pronounce sentence in accordance with the procedures set forth in Rules 26.10 through 26.16. Probation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy."

In order to comply with the mandates of Rule 27.7(c)(2), the trial court must adhere to 17 A.R.S. 1975 Rules of Criminal Procedure, rule 26.10 which states:

"a. Pronouncement of Judgment. In pronouncing judgment, the court shall set forth the defendant's plea and the offense of which the defendant was convicted or found guilty.

"b. Pronouncement of Sentence. The court shall:

(1) Give the defendant an opportunity to speak on his own behalf;

(2) *State that it has considered the time the defendant has been in custody on the present charge*;

(3) Explain to the defendant the terms of the sentence or probation; and

(4) Specify the date from which the term of imprisonment or probation is to be computed."

(Emphasis supplied.)

The record does not indicate that the trial court orally stated that it had considered the time which appellant had spent in custody on the present charge. Appellant argues that the absence of such a statement fails to comply with Rule 26.10(b)(2) and that he must therefore be resentenced. We do not agree.

Any finding on the question of compliance or noncompliance with Rule 26.-10(b)(2) requires a determination of what constitutes "time the defendant has been in custody on the present charge." We have previously ruled that time spent in a county

jail as a condition of probation is not to be credited to any sentence later imposed after revocation of that probation. *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975); *State v. Barnett,* 112 Ariz. 212, 540 P.2d 684 (1975). The holdings in *State v. Jameson, supra,* and *State v. Barnett, supra,* were based upon the comments to 17 A.R.S. 1973 Rules of Criminal Procedure, rule 27.7(d). Those comments were deleted with the effective date of the 1975 Rules of Criminal Procedure. The deletions do not in any way alter our rulings in those cases.

In *State v. Fuentes,* 113 Ariz. 285, 551 P.2d 554 (1976), affirming 26 Ariz.App. 444, 549 P.2d 224 (1976), we noted that probationary jail time is not legally synonymous with other presentence incarceration. The purposes of presentence incarceration and probationary jail terms are distinctly different. Presentence incarceration assures an individual's presence for trial on a criminal charge when such individual is unable to meet the financial requirements of a release bond. The trial court should then consider the presentence jail time when the sentence is finally imposed. *State v. Kennedy,* 106 Ariz. 190, 472 P.2d 59 (1970). A probationary jail term is one of the conditions of probation which is established at the time sentence is suspended.

Following the revocation of his probation, appellant was still subject to the statutory punishment scheme which allows the court to sentence within the longest period allowed by the statute. In imposing sentence, the trial court was only required to notify the appellant that it was considering the time he had been incarcerated as a result of the filing of the petition for revocation. We believe that the trial court satisfactorily showed that it did consider this incarceration time. The record indicates that the trial court ordered the sentence to commence on January 30, 1976, which was the date of petitioner's arrest on the petition to revoke probation. While we believe that the trial court should adhere to the requirements of 17 A.R.S. Rules of Criminal Procedure, rule 26.10, we do not believe that appellant's rights were prejudiced in this case. *State v. Maddasion,* 24 Ariz.App. 492, 539 P.2d 966 (1975).

The sentence of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.