581 P.2d 698

**STATE of Arizona, Appellee,**

v.

**Jeffrey Allen TIMPSON, Appellant.**

**Nos. 1 CA–CR 2542, 1 CA–CR 2543.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 27, 1978.

Rehearing Denied June 20, 1978.

Review Denied July 18, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

OPINION

DONOFRIO, Presiding Judge.

Appellant/defendant Jeffrey Allen Timpson appeals from the judgment and sentence imposed on him in two separate cases.

This Court granted appellant's motion to consolidate these cases, 1 CA–CR 2542 (Superior Court No. Cr–91916) and 1 CA–CR 2543 (Superior Court No. Cr–95445), and designated 1 CA–CR 2542 as the primary number in which to file future documents relating to these two appeals. We hereby consider both appeals in this opinion.

The appeal of Cr–91916 involves a sentence for the crime of burglary second degree imposed on defendant following a revocation of probation. The appeal of Cr–95445 involves a sentence which was imposed following defendant's plea of guilty pursuant to a plea agreement to the offense of burglary second degree.

In Cr–91916 appellant was adjudged guilty on April 6, 1976 and placed on probation for a period of three years with one of the conditions of probation being that he serve six months in the Maricopa County Jail, to date from the original incarceration date.

In Cr–95445, which involves an offense committed after probation, defendant entered his plea on December 8, 1976. During the plea proceedings in this cause the court advised the appellant that as a consequence of his plea of guilty on this cause, he could be imprisoned for as long as five years

and/or fined as much as $2,200. Toward the end of the plea proceeding, defense counsel advised the court that appellant understood he could receive a total maximum term of incarceration in Cr–91916 and Cr–95445 of ten years:

"MR. DOUGHERTY [defense counsel]: I explained to Mr. Timpson the court already has mentioned the fact he is on probation, will result in a revocation, conceivably he can get five years on the first, five years on the second, total of a maximum of ten years and he understands that."

On January 17, 1977, the trial court in Cr–95445 imposed a sentence on appellant of not less than one nor more than five years in the Arizona State Prison to date from November 17, 1976. Also appellant's probation in Cr–91916 was revoked, and the court imposed a sentence of not less than one nor more than five years in the Arizona State Prison to be served consecutively to the sentence imposed in Cr–95445.

The sold issue involving both appeals is whether appellant was adequately advised in Cr–95445 of the possible maximum sentence which he faced prior to entering his plea of guilty. We answer this question in the affirmative.

17 A.R.S., Rules of Criminal Procedure, rule 17.2(b) places a duty upon the trial court to personally inform the defendant of and determine that he understands the nature and range of possible sentence for the offense to which he offers his plea. In this case, the appellant was advised by the court, and also by his defense counsel,[1] that the maximum term of imprisonment for second degree burglary was five years, and that the total maximum term in both cases could amount to ten years when the possibility of a consecutive sentence was considered.

Appellant argues that the advice given him, that he could face as many as ten years in prison, was not enough to adequately put him on notice of what the

"real" maximum could be, because it did not include the possible jail time he could receive if he were again placed on probation, and if the probation were again to be revoked. Appellant also argues that he was not adequately informed that the court was not required to take into account the probationary jail time he had already served. Appellant relies on the case of *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976), adopted by the Arizona Supreme Court, 113 Ariz. 285, 551 P.2d 554 (1976).

In other words, appellant contends that he was led to believe that the maximum period of incarceration for the two second degree burglaries was only ten years, when in fact the maximum could be more when probation jail time is considered, and that therefore appellant's plea was not intelligently made and must be vacated.

We do not agree. Appellant's reliance on *Fuentes* is misplaced. In *Fuentes* our Supreme Court said:

"Here, the imposition of sentence was suspended, and *we cannot ignore the plain statutory language which allows a sentence upon revocation thereafter to the 'longest period for which the defendant might have been sentenced * * *.'* (Emphasis Supplied)

\* \* \* \* \* \*

Considering first the Rules of Criminal Procedure, the Arizona Supreme Court has previously considered the limited question of *whether these rules require that credit against the prison term be given for probation jail time, and has held that the rules do not require that such credit be given.* See *State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975); *State v. Barnett*, 112 Ariz. 212, 540 P.2d 684 (1975). (Emphasis Supplied)

\* \* \* \* \* \*

Recognizing that the double jeopardy principles enunciated in *North Carolina v. Pearce* do not apply to the imposition of sentence after revocation of probation,

---

1. For cases that defendant's knowledge of the consequences of pleading guilty need not be imparted to him solely by the trial judge, see:

*State v. Gutierrez*, 20 Ariz.App. 337, 512 P.2d 869 (1973); *State v. Darling*, 109 Ariz. 148, 506 P.2d 1042 (1973).

**466**

the Arizona courts have repeatedly rejected double jeopardy contentions that credit must be given against a subsequently imposed prison sentence for 'street time' spent on probation. *State v. Benton*, 19 Ariz.App. 333, 507 P.2d 135 (1973); *State v. Tritle*, 15. Ariz.App. 325, 488 P.2d 681 (1971); *State v. McFord*, 13 Ariz.App. 273, 475 P.2d 758 (1970). Although none of the decisions involved the subsequent imposition of a prison sentence after a probation jail term, we do not believe that this distinction leads to a different legal conclusion. *The imposition of probation time incarceration is a statutorily authorized condition of probation in the same legal context as other conditions of probation. Thus the rationale of the above cases applies equally to 'street time' probation and incarceration as a term of probation.*" (Emphasis Supplied)

The court's advise to appellant in this case was fully consistent with the pronouncements in *Fuentes* that upon revocation of probation the court could thereafter sentence the defendant to the longest period for which the defendant might have been sentenced before the probation, and also that in sentencing the defendant to prison the court was not required to give credit for any probationary jail time.

Since Arizona courts are not required to give credit for any "probationary jail time" in a subsequent revocation of probation and prison sentence, the trial court's informing defendant of the ten-year maximum *prison* sentence was correct in each case.

Jail time is strictly a potential condition of probation in the event probation is again granted. *State v. Smith*, 112 Ariz. 416, 542 P.2d 1115 (1975). Not until such time as the court elected to place appellant on probation as opposed to a sentence which would call for imprisonment at the State prison would there be any duty to advise defendant that jail time would be required. This the court would do by suspending the imposition of sentence and then spelling out the conditions of probation, one of which would be jail time. The conditions of probation are now required to be set down in writing. 17 A.R.S., Rules of Criminal Procedure, rule 27.1. As to the granting of probation in this case, defendant was advised at the time of plea that it was a possibility but it was highly unlikely.

For the foregoing reasons we hold that appellant was adequately advised and had sufficient information on maximum sentencing to make an intelligent plea.

We have also searched the record for fundamental error as required by A.R.S. § 13–1715 and find none.

Affirmed.

SCHROEDER, and OGG, JJ., concurring.