580 P.2d 1181

**STATE of Arizona, Appellee,**

v.

**Edna Jean LONG, Appellant.**

No. 4177.

Supreme Court of Arizona,
In Banc.

June 21, 1978.

Bruce E. Babbitt, The Former Atty. Gen., John A. LaSota, Jr., Acting Atty. Gen. by William J. Schafer, III, and Carol Benyi, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

After a trial by jury appellant was convicted of first-degree burglary. The trial court suspended imposition of sentence and placed appellant on probation for six years with one of the conditions being that she be incarcerated in the Maricopa County Jail for a period of one year. From the conviction for first-degree burglary appellant brought this appeal. We took jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The evidence at trial disclosed that at approximately midnight on December 18, 1975 Mr. Paul Lighthill drove his automobile into the parking lot of Cox's El Dorado Motel on East Van Buren Street. He locked his car, placed the car keys in his

jacket and entered one of the motel rooms with a female he had met in the parking lot. There was a second female in the room. Lighthill offered the female with whom he entered $19 for an act of prostitution, and she accepted. Lighthill removed his shirt and jacket and placed them on one of the beds. He then entered the bathroom to wash, and he heard the front door to the room open and close and heard a conversation. A few minutes after Lighthill returned to the main room a police car stopped in front of the room. Upon hearing the arrival of the police, the females jumped out of the back window.

During the time that Lighthill had made initial contact with the female at the motel, three Phoenix police officers had the motel room under observation. Officer Stephen Nelson observed some females, one of whom he later identified as the appellant, approach Lighthill's motel room. Nelson testified that he observed the door open and saw a female from within the room meet with two females who were standing outside. Officers Elwood Debnam and William Kearns testified that they observed three individuals in the vicinity of Lighthill's car. Kearns testified that when their police vehicle approached Lighthill's car one of the females started to run away. Kearns testified that he apprehended this particular individual who was in possession of Lighthill's car keys. Debnam testified that when he observed the appellant and another female they were in Lighthill's car, several items were lying on the floor, giving the appearance that the interior had been ransacked. Officer Debnam also testified that when he asked the appellant why she was in the car the appellant responded that Lighthill had asked her to wait in the vehicle. At trial the appellant testified to the same effect as her statement to Officer Debnam.

■ Appellant first argues that an instruction regarding the absence of co-defendants was a comment on the evidence in violation of Ariz.Const. Art. 6, § 27.[1] Appellant argues on appeal that the instruction was tantamount to telling the jury that a crime had been committed. At trial defendant objected to the instruction on the grounds different from those urged on appeal. Appellant urges that since she objected to the instruction, she did not waive any other objection on appeal. However, raising one objection at trial does not preserve another objection on appeal. See State v. Michael, 107 Ariz. 126, 483 P.2d 541 (1971). Furthermore, an error in giving instructions is waived unless timely objection is made in the trial court. See State v. Ulin, 113 Ariz. 141, 548 P.2d 19 (1976); State v. Taylor, 109 Ariz. 481, 512 P.2d 590 (1973). Because appellant failed to raise the objection at trial that she now urges on appeal, the objection is waived. See State v. Michael, 107 Ariz. 126, 483 P.2d 541 (1971).

■ Appellant nevertheless urges that the error in the instruction constitutes fundamental error. It has been held that fundamental error is such error as goes to the foundation of the case or takes from a defendant a right essential to his defense. See State v. Evans, 109 Ariz. 491, 512 P.2d 1225 (1973). The alleged error did not go to the foundation of appellant's case because the instruction did not imply that the defendant had committed a crime. The instruction used the term "crime charged." The instruction did not prevent appellant from presenting her defense which was no criminal intent. We find no reversible error.

■ Appellant also alleges that the trial court's reliance on a presentence report constituted error. The presentence report contained appellant's arrest record which included charges for which appellant was not

1. The instruction given by the court stated:
    It is no defense to *the crime charged* against the Defendant in this particular case that one or more than one person not now on trial might also have participated or cooperated in *the crime thus charged.* The jury is not to speculate upon or even consider the reason for the absence from the courtroom of such other persons, if any, as the only matter before you for decision is the guilt or innocence of this particular Defendant. (Emphasis appellant's.)

convicted. In addition the presentence report also contained a police officer's recommendation that appellant receive the maximum sentence. Again the record indicates that appellant failed to object to the presentence report and failure to object constitutes a waiver of any alleged error. *See State v. Rogel,* 116 Ariz. 114, 568 P.2d 421 (1977).

Before being placed on probation appellant spent 34 days in the county jail. Appellant urges that the 34 days should be credited against the probation jail time she is required to serve because Ariz.Rev.Stat. § 13–1657(A)(1) (Supp.1977) requires that appellant only be incarcerated in the county jail for a period not exceeding one year.[2]

However, appellant's reliance on Ariz. Rev.Stat. § 13–1657(A)(1) (Supp.1977) is misplaced. Credit for presentence incarceration is required only against a sentence imposed after revocation of probation. *See State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975); *State v. Barnett,* 112 Ariz. 212, 540 P.2d 684 (1975);[3] *State v. Salinas,* 23 Ariz.App. 232, 532 P.2d 174 (1975). We believe that appellant's claim that she is entitled to credit against her probationary jail time is without merit. *Cf. State v. Barnett,* 112 Ariz. 212, 540 P.2d 684 (1975); *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975).

For the foregoing reasons the judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

---

**2.** Ariz.Rev.Stat. § 13–1657(A)(1) (Supp.1977) provides in pertinent part:

   . . . The court may suspend the imposing of sentence in felony cases and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension.

The conditions imposed may include incarceration in the county jail for a specified period not to exceed one year, or a fine not exceeding the amount of fine authorized for the offense. . .

**3.** Although the court in *Barnett* and *Jameson* relied upon the comment to Ariz.R.Crim.P. 27.7 (1973) which had been deleted in 1975, we believe that the rationale of these cases is still good law. *See State v. Rodriguez,* 116 Ariz. 276, 569 P.2d 218 (1977).