666 P.2d 514

**STATE of Arizona, Petitioner,**

v.

**Honorable Philip FAHRINGER, Judge of the Superior Court, Respondent,**

and

**Abelardo MORENO, Real Party in Interest.**

**No. 2 CA–CIV 4727.**

Court of Appeals of Arizona, Division 2.

March 15, 1983.

Stephen D. Neely, Pima County Atty. by Michael P. Callahan, Deputy County Atty., Tucson, for petitioner.

Walter B. Nash III, Tucson, for real party in interest.

OPINION

HOWARD, Chief Judge.

The state has brought this special action to challenge the respondent court's granting of a defense motion to continue an evidentiary hearing on a probation revocation until after the trial on the new charges. Since we believe the trial court abused its discretion and because petitioner is without an adequate remedy by means of an appeal, we assume jurisdiction and grant relief.

The real party in interest was placed on probation on September 25, 1981, for a period of three years on a plea of guilty to the crime of criminal trespass in the first degree. On January 24, 1983, a petition to revoke his probation was filed, alleging the commission of new criminal offenses. On that day, he appeared in court and denied the allegations in the petition to revoke.

The respondent court set an evidentiary hearing for February 7. On that date the hearing was continued by stipulation to February 14. On February 9, the respondent court heard the defense motion to continue the hearing until after the trial on the new charges. The real party in interest had not yet been arraigned, so that the new trial date was unknown at that time. He had been indicted by the grand jury on February 8, but none of the parties knew that at the time of the February 9 hearing. The motion was opposed by the state. Subsequently the respondent court granted the motion to continue and set the hearing for May 9, said order giving rise to this special action.

The real party in interest argues that the trial court acted within its discretion in continuing the revocation matter since there is no Arizona case interpreting the time limit for the revocation of probation as being jurisdictional. He also alleges that the trial court acted reasonably since he was attempting to conserve judicial efforts.

In *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975), the court stated:

> "Finally, we express disapproval of the practice of deferring the hearing on probation revocation until after the adjudication of guilt or innocence on the criminal charge when both proceedings are based upon the same facts. The question of whether the accused has violated the terms of his probation should be promptly resolved." 112 Ariz. at 318, 541 P.2d 912.

Respondent argues that the foregoing statement was mere dicta and need not be followed. We do not agree.

An expression which might otherwise be regarded as dictum becomes an authoritative statement when the court expressly declares it to be a guide for future conduct. *Paley v. Superior Court in and for the County of Los Angeles,* 137 Cal.App.2d 450, 290 P.2d 617 (1955); *Thomas v. Meyer,* 168 S.W.2d 681 (Tex.Civ.App.1943). Such holdings must be considered as *judicial* dicta rather than mere *obiter* dicta and should be followed in the absence of some cogent reason for departing therefrom. *Thomas v. Meyer,* supra.[1]

The reasons for deferring the hearing on the probation revocation in the case sub judice were those cognizable in *Jameson* and not of the quality which would justify the trial court's departing from the supreme court's declaration in *Jameson.*[2]

The trial court abused its discretion in not holding a prompt probation revocation hearing. The order continuing the date of the hearing is vacated with directions to promptly hold a revocation hearing.

HATHAWAY and BIRDSALL, JJ., concur.

---

1. See generally, 21 C.J.S. Courts § 190. Contra, *Emmert v. Electric Park Amusement Co.,* 193 S.W. 909 (Mo.Ct.App.1917). Compare, *Hernandez v. County of Yuma,* 91 Ariz. 35, 369 P.2d 271 (1962).

2. It has also been held that rules of guidance dealing with questions of practice, as distinguished from questions of substantive law, which are enunciated by the appellate court must not be disregarded as mere dictum. See *Exporters of Manufacturers' Products v. Butterworth-Judson Corp.,* 265 F. 907 (S.D.N.Y. 1920).