NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

EDDIE BOJORQUEZ, *Appellant*.

No. 1 CA-CR 22-0338
FILED 5-30-2023

Appeal from the Superior Court in Yavapai County
No. V1300CR201180048
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Ashley Torkelson Levine
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

_____

**M c M U R D I E**, Judge:

**¶1**        Eddie Bojorquez appeals from the revocation of his probation and the resulting prison sentence, arguing there was an unreasonable delay between the revocation petition and the later hearing. We affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        In June 2011, Bojorquez pled guilty to several criminal offenses, including burglary, theft, and criminal damage. As a result, he was sentenced to concurrent terms of imprisonment, the longest of which was six years. The court also suspended his sentence and placed him on a five-year probation term upon his release from prison. One of the conditions of his probation was that he "maintain a crime-free lifestyle by obeying all laws, and not engag[e] or participat[e] in any criminal activity."

**¶3**        While on probation in 2019, Bojorquez was arrested following an incident where he trespassed onto the property of his ex-girlfriend and refused to leave. Then, in August 2020, Bojorquez was arrested under federal authority and charged with smuggling undocumented immigrants into the United States. Following these incidents, the State petitioned to revoke Bojorquez's probation on September 1, and he was arraigned on September 8. A probation violation management conference was set for December.

**¶4**        But the defense requested and was granted a continuance at the management conference, and nearly two years of postponements followed until Bojorquez's violation hearing, which did not occur until June 2022. During that time, the defense requested a continuance at least five times. On other occasions, Bojorquez failed to appear for COVID-related reasons or errors in the defense counsel's calendar. The State, by contrast,

_____

[1]        We view the facts in the light most favorable to sustaining the judgment. _State v. Mendoza_, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

alleges that it "was ready to proceed at every hearing, telephonically or otherwise."

¶5            At the violation hearing, Bojorquez moved to dismiss the revocation petition, noting that the petition "has been hanging over his head for nearly two years." And Bojorquez argued that the delay in the proceedings denied him "expeditious disposition" and deprived him of the opportunity for the sentence to run concurrently with his federal sentence, which he had now served. The superior court denied the motion, explaining:

> We've been trying to get Mr. Bojorquez before this Court for years and he has been represented by counsel each time. The Court has been extremely frustrated with defense counsel . . . because he did not get Mr. Bojorquez here. I took him at his word that he could not make Mr. Bojorquez available and continued to waive his presence. . . . I see no prejudice at all to the defendant, so I am going to deny the motion.

¶6            The court found that Bojorquez violated the conditions of his probation, revoked his probation, and sentenced him to concurrent prison terms, the longest of which was three and a half years. Bojorquez appealed, and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(4).

## DISCUSSION

¶7            We review the superior court's denial of a motion to dismiss a probation revocation petition for an abuse of discretion. *See State v. Adler*, 189 Ariz. 280, 282 (1997). An unreasonable delay in the proceedings may be grounds to bar the State from revoking probation. *See, e.g.*, *id.* at 285. We determine reasonableness by assessing the "length of the delay, reasons for the delay, and prejudice to the defendant." *State v. Flemming*, 184 Ariz. 110, 115 (1995). We will not set aside a probation revocation for unreasonable delay unless the delay prejudiced the defendant. *Adler*, 189 Ariz. at 284.

¶8            First, Bojorquez asserts "[w]aiting two years for a Probation Revocation Hearing is unreasonable." But reasonableness is determined not only by the duration of the delay but also by the reasons for the delay and the prejudice to the defendant. *Flemming*, 184 Ariz. at 115; *see also Commonwealth v. Young*, 396 A.2d 741, 742 (Pa. Super. 1978) (cited in *Flemming*, 184 Ariz. at 115) ("The requirement of reasonable promptness is not a prophylactic rule, violation of which is determined solely by the length of time between the conviction and the hearing. . . . Instead, the

question is whether the delay was reasonable under the circumstances of the specific case.").

¶9          In claiming unreasonableness, Bojorquez asserts the superior court failed to abide by the timing requirement of Arizona Rule of Criminal Procedure 27.8(b)(1). But the Rule directs that "[t]he court must hold a hearing . . . no more than 20 days after the revocation arraignment, *unless the probationer in writing or on the record requests, and the court agrees, to set the hearing for another date*." Ariz. R. Crim. P. 27.8(b)(1) (emphasis added). Thus, the Rule itself provides an exception to the timing requirement if there are "reasons for the delay." *See Flemming*, 184 Ariz. at 115.

¶10         Next, Bojorquez makes little argument that the "reasons for the delay" should warrant the dismissal of the revocation petition. Instead, he contends only that "the prosecution has the burden to prove a valid and important reason for the delay" and that the State "could have made a reasonably good faith effort" to obtain Bojorquez's presence.

¶11         This argument is meritless. It is undisputed that Bojorquez requested multiple continuances, including at the conference immediately preceding the violation hearing. Indeed, as the State identifies in its brief, "[F]rom the point at which the hearing was supposed to take place, the delay was either directly attributable to the defense or agreed to by the defense." And Bojorquez offers no argument or evidence to rebut the State's claim that it was "ready to proceed at every hearing, telephonically or otherwise."

¶12         Bojorquez relies on *Adler*, arguing that delay was unreasonable here because "neither [the] rules, nor the Constitution, contemplates that probation revocation proceedings will begin after a lengthy prison term ends." *Adler*, 189 Ariz. at 284 (quoting *Flemming*, 184 Ariz. at 116–17). But the "reasons for the delay" factor of *Adler* and *Flemming* distinguishes those cases from this case. The defendants in those cases "requested a speedy disposition of the probation violation charges." *Adler*, 189 Ariz. at 283.

¶13         The record here contains no such request; it contains the opposite. Unlike *Adler*, this petition "has been hanging over [Bojorquez's] head for nearly two years" only because Bojorquez himself has taken steps to hold it there. *Compare Adler*, 189 Ariz. 280, *with State v. McGhee*, 1 CA-CR 16-0817, 2017 WL 3184399, at *2, ¶¶ 9–10 (Ariz. App. July 27, 2017) (mem. decision) (due process rights not violated when a defendant did not attempt "to have his probation violation adjudicated sooner").

¶14 Bojorquez also cites *State v. Fahringer*, 136 Ariz. 414 (App. 1983), arguing that the superior court abused its discretion—not by denying him a speedy disposition but by granting his requests for continuance. But *Fahringer* does not apply here. In *Fahringer*, we held that the superior court abused its discretion by continuing a probation revocation hearing until after a separate trial, the date for which had not even been set. 136 Ariz. at 415. By contrast, as the State points out here, "there remained a finite date set in the future, unlike in *Fahringer* where a future trial date had not been set at all." We decline to extend *Fahringer* to mean that *any* grant of continuance to accommodate another proceeding is an abuse of discretion.

¶15 Finally, Bojorquez argues that the State's delay prejudiced him by eliminating the opportunity for the Arizona and federal prison sentences to run concurrently. To be sure, Arizona courts have recognized this lost opportunity as sufficient prejudice to justify the dismissal of a revocation petition. *See, e.g.*, *Adler*, 189 Ariz. at 284–85; *see also Flemming*, 184 Ariz. at 116–17 (sentences from different counties). But the superior court did not abuse its discretion by determining that this lost opportunity, alone, does not outweigh the other reasonableness factors.

## CONCLUSION

¶16 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA