NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KENNETH JOSEPH FEDORSHA, *Appellant*.

Nos. 1 CA-CR 24-0208, 1 CA-CR 24-0210
(Consolidated)

FILED 02-25-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-107715-001, CR2023-108440-001
(Consolidated)
The Honorable David W. Garbarino, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

The Law Office of Kyle T. Green, Mesa
By Kyle Green
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Chief Judge David B. Gass joined.

_____

**H O W E**, Judge:

¶1　　　Kenneth Joseph Fedorsha appeals his convictions and sentences in two separately tried cases, which we consolidate for this appeal. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.　First Trial

¶2　　　In 2022, the State charged Fedorsha with four drug-related offenses and two counts of misconduct involving weapons. On the first day of trial on these charges, the superior court asked Fedorsha to state his name and date of birth. Fedorsha responded, "I do not consent. I have been denied due process, and I make a reservation of my rights under the common law." He responded to all questions in this way and would periodically interrupt the proceedings with this statement. The superior court repeatedly warned him he would be removed from the courtroom if he continued with the disruptive behavior and ultimately ordered him removed.

¶3　　　Fedorsha was present each morning of trial and repeated the same conduct. On each day of trial, he was removed from the courtroom after the superior court warned him that if he continued to obstruct the proceedings, he would be removed. Fedorsha repeated the same statement when the superior court asked him if intended to testify. And when asked if he would consent to being fingerprinted, he said, "I do not consent to these court proceedings."

¶4　　　During opening arguments, the State referred to the "fentanyl crisis plaguing our country" and referenced names of Fedorsha's customers. Fedorsha objected to hearsay and foundation and moved for a mistrial. The superior court denied the motion, reasoning both that "it's general knowledge that fentanyl is [] an epidemic" and "the jury has been instructed that they are not to consider statements of lawyers as evidence."

¶5        The jury convicted Fedorsha of one count of possession of dangerous drugs for sale, one count of sale or transportation of dangerous drugs, one count of possession of narcotic drugs for sale, and one count of sale or transportation of narcotic drugs but found him not guilty him of one count of weapons misconduct. The other weapons misconduct charge was dismissed.

## II.        Second Trial

¶6        In a separate case, Fedorsha was tried on four drug-related offenses. He acted the same as he did at the first trial. When asked to state his name and date of birth, he responded "I do not consent. I have been denied due process and I make a reservation of my rights under the common law." He responded to all questions with some version of this statement. On each day of trial, the superior court removed him from the courtroom after warning him that if he continued to obstruct the proceedings, he would be removed.

¶7        Before the State gave its opening in the second trial, the superior court asked the State to avoid discussing the opioid crisis and instead focus on the facts of the case. The State agreed. The jury convicted Fedorsha of one count of possession of narcotic drugs for sale, one count of possession of dangerous drugs, one count of possession or use of drug paraphernalia, and one count of possession or use of narcotic drugs.

¶8        Fedorsha timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

## I.        Removal from the Courtroom

¶9        Fedorsha argues that his removal from the courtroom during trial violated his constitutional rights because his behavior was not disruptive. Further he argues the superior court violated Arizona Rule of Criminal Procedure ("Rule") 9.2 by not allowing him to view the trial, confer with counsel, or provide him with an opportunity to return.

¶10        We review a defendant's exclusion from trial for an abuse of discretion. *See State v. Jones*, 26 Ariz. App. 68, 73 (1976) (holding that the trial court has "considerable latitude" to determine whether a defendant should be removed from the courtroom for improper behavior). In this case, Fedorsha did not object to his removal during trial. We therefore review his removal during trial for fundamental error. *See State v. Escalante*, 245 Ariz.

135, 138 ¶ 1 (2018) ("When a defendant fails to object to trial error, he forfeits appellate relief absent a showing of fundamental error.") He thus bears the burden to show, first, that his removal constitutes trial error, second, that the error was fundamental, and third, that the error was prejudicial. *Id.* at 142 ¶ 21.

**¶11** Both the United States and Arizona constitutions protect a defendant's right to be present at trial. *See* U.S. Const. amends. VI, XIV; Ariz. Const. art. 2, § 24. A defendant may forfeit this right if, "after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v. Allen*, 397 U.S. 337, 343 (1970); *see also* Rule 9.2(a) ("A defendant who engages in disruptive conduct, after being warned that such conduct will result in expulsion from a proceeding, forfeits the right to be present at that proceeding."). "After expulsion, the court must use every feasible means to allow the defendant to watch, hear, and be informed of the proceeding's progress, and to consult with counsel at reasonable intervals." Rule 9.2(b). Further, the defendant must be allowed to return if "the defendant assures the court of future good behavior." Rule 9.2(c).

**¶12** At both trials, Fedorsha responded to all questions only with some version of the statement "I do not consent. I have been denied due process, and I make a reservation of my rights under the common law." At times, he interjected with this statement in the absence of a question. His actions did not comply with the court's orders and disrupted the trial. The superior court did not err when removing him from the courtroom. Contrary to his argument, he was allowed to return to the courtroom each morning. But he repeated the same conduct each day resulting in his removal.

**¶13** Fedorsha does not point to, nor do we find, any evidence in the record that he requested and was denied the opportunity to observe trial. Likewise, he does not point to, nor do we find, any evidence in the record suggesting he was denied the opportunity to consult with counsel. Each morning before the trial began for the day, defense counsel spoke with him to "let him know how the case was going" and "provided him copies of any pleadings [she] filed." And he called defense counsel's office to discuss the case as it progressed. Fundamental error did not occur when Fedorsha was removed from trial.

## II.    Prosecutorial Error

**¶14**        Fedorsha argues the prosecutor committed prosecutorial "misconduct" in his first trial during opening statements when he referred to the "fentanyl crisis plaguing our country" and the names of Fedorsha's customers. "Prosecutorial misconduct" and "prosecutorial error" are not the same. *State v. Shortman*, 254 Ariz. 338, 343 ¶ 20 (App. 2022). We "differentiate between 'error,' which may not necessarily imply a concurrent ethical rules violation, and 'misconduct,' which may suggest an ethical violation." *In re Martinez*, 248 Ariz. 458, 470 ¶ 47 (2020). Because Fedorsha does not allege any ethical violations, we review for prosecutorial error, not misconduct. *See id.* (explaining that courts should avoid characterizing prosecutorial error as misconduct when no ethical violation is alleged).

**¶15**        To prevail on a prosecutorial error claim, Fedorsha "must show the error occurred, and it is reasonably likely the error could have affected the jury's verdict, thereby denying defendant a fair trial." *Shortman*, 254 Ariz. at 343 ¶ 21 (cleaned up). "This court reviews errors cumulatively to determine whether the conduct resulted in an unfair trial." *Id.*

**¶16**        Fedorsha objected several times during the prosecutor's opening statement, but he did not object on the basis of prosecutorial error or misconduct. "[R]aising one objection at trial does not preserve [a different] objection on appeal." *State v. Long*, 119 Ariz. 327, 328 (1978). To preserve the issue of prosecutorial error for appeal, the objection must have "adequately raise[d]" a claim for prosecutorial error at trial. *State v. Rutledge*, 205 Ariz. 7, 13 ¶ 30 (2003). Because Fedorsha did not do so, we review his claim of prosecutorial error solely for fundamental error. *See State v. Vargas*, 251 Ariz. 157, 163–64 ¶ 10 (App. 2021); *Escalante*, 245 Ariz. at 140 ¶ 12.

**¶17**        Fedorsha moved for mistrial based on the prosecutor's opening statement, but the superior court denied the motion. The superior court determined the prosecutor's statements did not warrant a mistrial because the fentanyl "epidemic" is discussed frequently in the news and a ledger containing customer names was admitted into evidence. Further, the jury was instructed that opening arguments are not evidence.

**¶18**        Fedorsha does not show that the prosecutor's statements called to the jury's attention matters it should not have considered nor that the statements influenced the jurors. The ledger containing names of Fedorsha's clients was admitted into evidence for the jury to consider.

Fedorsha was charged with possession for sale and transportation or sale of fentanyl. As the superior court acknowledged, the fentanyl "epidemic" is general knowledge heard daily in the news. Additionally, the jury was instructed on the role that opening arguments play, and jurors are presumed to follow the court's instruction. *See Vargas*, 251 Ariz. at 165 ¶ 17. The prosecutor's opening statement in the first trial did not result in fundamental error, and no such statements were made in the second trial's opening statements.

## CONCLUSION

**¶19**        We affirm.

